Damian Ayarzagoitia #66184
EPCF Unit: C2
P.O. Box 849
Eagle Pass TX 78853
Plaintiff



**FILED**

AUG 27 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| DAMIAN AYARZAGOITIA, )<br>       Plaintiff,       )<br>                             )<br>       v.                    )<br>                             )<br>                             )<br>TONY SAMANIEGO,       )<br>WAYMON BARRY,        )<br>THE GEO GROUP, INC.,  )<br>       Defendants.       ) | CASE NO. **DR 19 CV 0053**<br><br>**PRISONER COMPLAINT** |

## A. JURISDICTION

The United States District Court for the Western District of Texas, Del Rio Division has jurisdiction and venue over my claims under:

1. 28 U.S.C. §1343(a)(1) - (4)

2. 28 U.S.C. §1332(a)(1)

3. 42 U.S.C. §1983

4. 28 U.S.C. §1391(b)(1) and (2) {venue}

**PRISONER COMPLAINT-1**

## B. PLAINTIFF

My name is Damian Ayarzagoitia. I am a citizen of the State of Idaho[1], presently residing at Eagle Pass Correctional Facility (hereinafter, EPCF)[2] in Eagle Pass Texas.

## C. DEFENDANTS AND CAUSES OF ACTION

### FIRST CLAIM:

1. I am suing Tony Samaniego, who was acting as Major at Eagle Pass Correctional Facility.

2. I am complaining that on October 9th, 2018 Major Samaniego assigned me to be housed in Bravo dorm 4 knowing this particular dorm housed gang members and that gang politics were present and being enforced on inmates. Major Samaniego knew that I had issues with, and that I had green lights placed upon me by, these gangs. Even though he knew about these issues he still housed me in this dorm. Within ten (10) minutes of my being in this dorm I was only in the dorm for about ten (10) minutes when I was attacked from behind by a gang member and told I could not live in that dorm because I am a snitch and because I am gay. They also said if I did not leave I would be "smashed out" every day until I left. Believing this to be an isolated incident I decided to stay. I proceeded to make my bed. While I was making my bed, the same inmate came back with a second person and

PRISONER COMPLAINT-2

---

[1] I am a State of Idaho prisoner housed in the State of Texas pursuant to a contract between Idaho Dept. of Corrections and The Geo Group, Inc.
[2] Eagle Pass Correctional Facility is owned and operated by The Geo Group, Inc., and is under contract with Idaho Dept. of Correction to house offenders in the State of Texas.

attacked me again. During the attack, the second inmate jumped in and began punching and kneeing me. After the attack was done they told me to leave. At that point I decided to leave the dorm. I did notify the unit staff about the incidents and I requested protective custody (hereinafter, PC). I received injuries to my face and body as a result of the attack. Warden Barry escorted me to medical. I was evaluated by medical staff and cleared for housing. Warden Barry rehoused me in Delta dorm 2, where he said 'there is no politics there.'

3. I allege that the acts described above violated the following provisions of the U.S. Constitution, federal statutes, or state laws:

    (a) Eighth Amendment ban on cruel and unusual punishment.

4. I allege I suffered the following injury and/or damages as a result:

    (a) Physical injury to my face and body, and

    (b) Mental and emotional injury as a result of the physical injury.

5. I seek the following relief:

    (a) Punitive damages in the amount of $5,000,000.00.

    (b) Mental and emotional damages in the amount of $5,000,000.00.

    (c) Future damages in the amount of $2,500,000.00.

    (d) All filing fees and court costs paid for by defendant, or reimbursed to me where applicable.

**PRISONER COMPLAINT-3**

6.  I am suing defendant in his individual capacity for this claim.

7.  For this claim I did exhaust my administrative remedies. Attached are photocopies of my attempts to resolve my issues informally and formerly.

Since my grievances were never answered I am not able to submit an appeal because IDOC policy does not allow me to submit an appeal unless I have received an answer to my grievance first. Therefore, I have exhausted my administrative remedies for this claim as is required.[3]

**PRISONER COMPLAINT-4**

---

[3] 42 U.S.C §1997e

**SECOND CLAIM:**

1.  I am suing Tony Samaniego, who was acting as Major at Eagle Pass Correctional Facility.

2.  I am complaining that on October 9th, 2018, October 11th, 2018, October 17th, 2018, November 19th, 2018, November 20th, November 27th, 2018, December 19th, 2018, January 1st, 2019, February 19th, 2019 I made both verbal and written requests to be house in PC. I was repeatedly told by Major Samaniego there is no PC here at this facility. When I learned that Charlie dorm 3 is a PC dorm (they call it Step-Down[4]) I then made repeated requests to be assigned there for my protection. Major Samaniego has denied all my requests. Instead I was placed in segregation which is used for disciplinary purposes. I informed Major Samaniego I was in PC twice in Idaho and that I have green light placed upon me by the gangs AK and SVC, and that I am not safe to live in general population (hereinafter, GP). I was attacked twice, received injuries, had my life threatened once, and once he said his staff said they received information by inmates I was being threatened by other inmates. Yet, Major Samaniego continues to deny my requests to be housed in the step-down dorm. Major Samaniego knows of the risk to my life and safety and he disregards that risk by telling me my only housing options are GP or segregation – and who wants to be in segregation where privileges are reduced/restricted? It should be noted that on May 30th, 2019 I was rehoused from segregation to Charlie dorm 2 where I am told this dorm is the PC unit. I believe I am still at risk of serious physical injury because there are inmates who

**PRISONER COMPLAINT-5**

---

[4] The step-down dorm is used for ex-gang members, ex officers, and those inmates who are weak and unable to protect themselves. PC and Step-Down are the same.

are assigned to this dorm who did not ask to be there and do not want to be there, and these inmates, at any time, could attack me just to get moved out of the dorm or to get in good with gang members. Additionally, on many occasions when I am escorted out of the dorm there are other inmates who are not PC present and able to attack me if they chose to. Inmate workers who are not PC are able to access the dorm as long as staff are present, this should not be allowed. This dorm is not a true PC unit.

3. I allege that the acts described above violated the following provisions of the U.S. Constitution, federal statutes, or state laws:

    (a) U.S. Constitution Eighth Amendment ban on cruel and unusual punishment.

    (b) U.S. Constitution Fourteenth Amendment equal protection and due process

4. I allege I suffered the following injury and/or damages as a result:

    (a) Mental and emotional injury as a result of the physical injury.

    (b) Denial of liberty.

    (c) Denial of equal protection.

    (d) False imprisonment.

5. I seek the following relief:

    (a) Punitive damages in the amount of $5,000,000.00.

**PRISONER COMPLAINT-6**

    (b)    Mental and emotional damages in the amount of $5,000,000.00.

    (c)    Future damages in the amount of $2,500,000.00.

    (d)    All filing fees and court costs paid for by defendant, or reimbursed to me where applicable.

    (e)    Injunction order mandating I immediately be assigned to the step-down dorm for my protection.

6.     I am suing defendant in his individual and official capacity for this claim.

7.     For this claim I did exhaust my administrative remedies. Attached are photocopies of my attempts to resolve my issues informally and formerly.

**THIRD CLAIM:**

1.  I am suing Tony Samaniego, who was acting as Major at Eagle Pass Correctional Facility.

2.  I am complaining that on February 1st, 2019 I was placed in segregation and then released from segregation on May 30th, 2019. While I was in segregation I was only allowed to participate in outside recreation three (3) days per week (a total of three hours). Because there are no windows in the cells there is no sunlight in my cell and not being able to go to recreation more often than the allowed time has caused me to become mentally unstable and deteriorate. I am depressed a lot. I know I have a clearly established right to at least five (5) hours per week of outside recreation. Also, since I am an Idaho state inmate, housed in a private prison, the warden has stated GEO Group, Inc. is bound by the laws of the Idaho Department of Corrections (hereinafter, IDOC), the IDOC policies and procedures apply to me here at EPCF.

3.  I allege that the acts described above violated the following provisions of the U.S. Constitution, federal statutes, or state laws:

    (a) U.S. Constitution Eighth Amendment ban on cruel and unusual punishment.

  (b)  U.S. Constitution Fourteenth Amendment equal protection and due process.[5]

4.  I allege I suffered the following injury and/or damages as a result:

  (a)  Mental and emotional injury[6]

5.  I seek the following relief:

  (a)  Punitive damages in the amount of $100,000.00.

  (b)  Mental and emotional damages in the amount of $100,000.00.

  (c)  Future damages in the amount of $100,000.00.

  (d)  An injunction requiring defendant to allow access to outside recreation for a minimum of one hour per day for five days per week (five hours total per week) for segregation inmates.

  (e)  All filing fees and court costs paid for by defendant, or reimbursed to me where applicable.

6.  I am suing defendant in his individual and official capacity for this claim.

**PRISONER COMPLAINT-9**

---

[5] I am being held at EPCF pursuant to a contact between IDOC and The GEO Group, Inc.. In the contract it says Idaho retains jurisdiction over me. The inmate handbook states the IDOC determines my conditions of confinement for all intents and purposes I am an Idaho inmate. Inmates in segregation in Idaho receive one hour per day, five days per week of outside recreation.

[6] I was place in segregation because I made a request for PC. I made the request because I was attacked by gang members and received injuries.

7.  For this claim I did exhaust my administrative remedies. Attached are photocopies of my attempts to resolve my issues informally and formerly.

### D. PREVIOUS OR PENDING LAWSUITS

I have pursued lawsuits in the past but I do not remember the details for them or whether or not they constituted a strike. Currently I have the following pending lawsuits:

Court: U.S. District Court- District of Idaho

Case No.: 1:19-cv-00136-REB

Case Name: Civil Complaint

Case Status: Pending, conditionally filed pending Initial Review Order

Strike? Unknown

### E. REQUEST FOR APPOINTMENT OF ATTORNEY

I do not request the appointment of an attorney. I am fully capable and sufficiently intelligent to prosecute this case on my own.

**PRISONER COMPLAINT-10**

## F.   DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read the complaint, and that the information contained in complaint is true and correct. 28 U.S.C. §1746 and 18 U.S.C. §1621.

I further certify that I have mailed this complaint via U.S. mail to the Clerk of Court on the date below.

Executed at Eagle Pass Correctional Facility on June 18, 2019.

_____
Damian Ayarzagoitia
Plaintiff

**PRISONER COMPLAINT-11**

Damian Ayarzagoitia #661184
EPCF Unit: CA
PO Box 849
Eagle Pass TX 78853

LEGAL

U.S. District Court
Clerk of Court
655 E. Cesar E. Chavez Blvd.
San Antonio TX 78206

RECEIVED
AUG 09 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY CLERK

