IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| DAMIAN AYARZAGOITIA, § <br>     *Plaintiff,* § <br> § <br> **v.** § <br> § <br> **TONY SAMANIEGO, ACTING WARDEN** § <br> **WAYMON BARRY, THE GEO GROUP, INC** § <br> **B. PENA, and GEMA RUIZ,** § <br>     *Defendants.* § | **Civil Action No. 2:19-CV-00053** |

## DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tony Samaniego, Acting Warden Waymon Barry ("Warden Barry"), The GEO Group, Inc. ("GEO Group"), B. Pena, and Gema Ruiz (collectively "Defendants"), defendants in the above-styled and numbered cause, and file this Opposed Motion to Stay Discovery. In support, Defendants respectfully offer the following for consideration by the Court.

## I.
## INTRODUCTION

1. Plaintiff is Damian Ayarzagoitia ("Plaintiff"), inmate identification number 66184.

2. Defendants are Tony Samaniego, Acting Warden Waymon Barry, The Geo Group, Inc., B. Pena, and Gema Ruiz.

3. Plaintiff was an inmate at the Eagle Pass Correctional Facility ("EPCF") in Eagle Pass, Texas. EPCF is a non-federal correction facility that houses Idaho inmates remanded to the custody of the Idaho Department of Corrections, under a contract between the Idaho Department of Corrections and The GEO Group, Inc. The GEO Group manages and provides administrative staff for the facility. Defendants Tony Samaniego, Acting Warden Waymon Barry, B. Pena, and Gema Ruiz are employees of the GEO Group.

4.   Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations while incarcerated at the EPCF.

5.   In his complaint, Plaintiff alleged that Defendants violated his constitutional rights in the following ways:

   a. The Plaintiff claims that defendant Tony Samaniego housed the Plaintiff in Bravo Dorm 4, knowing that he would be attacked. The Plaintiff alleges that his claim entitles him to $500,000 in punitive damages, $500,000 in mental and emotional damages, $200,000 in future damages, and all filing fees and court costs.

   b. The Plaintiff claims that defendant Tony Samaniego isn't allowing the Plaintiff to be housed in a particular protective-custody dorm. The Plaintiff alleges that this claim entitles him to $500,000 in punitive damages, $500,000 in mental and emotional damages, $200,000 in future damages, all filing fees and court costs, and an injunction mandating that the Plaintiff be housed in his chosen dorm.

   c. The Plaintiff claims that defendant Tony Samaniego deprived him of two hours per week of outdoor recreation time from February 1, 2019 through May 30, 2019. The Plaintiff alleges that this claim entitles him to $100,000 in punitive damages, $100,000 in mental and emotional damages, $100,000 in future damages, all filing fees and court costs, and an injunction mandating that the Plaintiff have 5 hours per week of outside recreation time.

   d. The Plaintiff claims that defendant B. Pena denied him medical attention. The Plaintiff did not allege a legally cognizable injury, medical or otherwise. The Plaintiff alleges that this claim entitles him to $1,000,000 in punitive damages, $1,000,000 in future damages, $1,000,000 in mental and emotional damages, and all filing fees and court costs.

   e. The Plaintiff claims that defendant Gema Ruiz unlawfully deprived him of his mail. The Plaintiff alleges that this claim entitles him to $50,000 in punitive damages and $20 in nominal damages.

6.   On December 16, 2019, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), identifying threshold matters of the lack of subject matter jurisdiction, lack of standing, and failure to state a claim for relief which this Court could provide. (Doc. 53).

7.   This Court has not ruled on Defendants' Motion to Dismiss.

8.   Defendants now ask this Court to issue a Stay of Discovery and related proceedings due to occur pursuant to Federal Rule of Civil Procedure 16 and 26 until the threshold matters

raised in Defendants' Motion to Dismiss are ruled upon by this Court. It is assumed that Plaintiff is opposed to the stay of discovery and any scheduling conference.

## II.
## MOTION TO STAY

9. Pursuant to FED. R. CIV. P. 26(c), Defendants respectfully request that this Court stay all discovery in this case pending the resolution of threshold jurisdictional issues as addressed in the Motion to Dismiss filed by Defendants. The law does not require Defendants to be forced into the discovery process when this court lacks subject matter jurisdiction over Plaintiff's claims. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987).

10. A district court properly exercises this discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Good cause exists when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id*. The law does not require Defendants to be forced into the discovery process when Plaintiff cannot establish his own standing to bring claims against Defendants or plead a case within the subject matter jurisdiction of the Court.

11. In the *Petrus* case, the plaintiff filed suit against defendants who responded with a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), FED. R. CIV. P. In affirming the trial court's decision to stay discovery until the motion to dismiss was ruled upon, the Fifth Circuit noted:

> Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.

*Petrus*, 833 F.2d at 581. Because the party invoking federal jurisdiction bears the burden of establishing the elements of standing, and because they are not mere pleading requirements but rather an indispensable part of the Plaintiff's case, Defendants have good cause to request a stay of discovery until the threshold issues impacting the jurisdiction of this Court are determined. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

12. Moreover, with respect to the merits of Plaintiff's claims, there is no prejudice to Plaintiff's case if the requested stay is granted. As with the *Petrus* case, nothing that Plaintiff could learn through discovery will affect the resolution of Defendants' Motion to Dismiss. No discovery will cure the fact that the Court lacks subject matter jurisdiction. No discovery will cure the failure to state a claim or establish Plaintiff's own standing to bring his lawsuit. Conversely, the burden on Defendants of proceeding with discovery in this lawsuit is considerable. Discovery at this point in this case would unduly burden Defendants by forcing them to endure needless and expensive discovery prior to the resolution of threshold jurisdictional issues that have been raised.

13. Therefore, because the staying of discovery and related proceedings is appropriate in this circumstance, discovery should be stayed, until such a time as this Court rules on Defendants' Motion to Dismiss.

## CONCLUSION AND PRAYER

14. Considering the numerous and fatal jurisdictional defects of this action brought by Plaintiff, there is no harm to the parties if the Court addresses these matters prior to discovery. Indeed, the resolution of the pending Motion to Dismiss would prove beneficial to both parties and the Court because it would provide clarification as to what claims Plaintiff may properly proceed with, if any.

15. WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Opposed Motion to Stay Discovery be granted, thereby staying all discovery pending resolution of Defendants' Motion to Dismiss. Defendants further request all other relief to which they may be justly entitled.

Respectfully submitted,

 */s/ Benjamin Petty*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the September 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system. The following parties will be notified of this filing, by the method indicated:

VIA FIRST-CLASS MAIL
Damian Ayarzagoitia
#66184
Saguaro Correctional Center
1252 E. Arica Road
Eloy, AZ 85131

 */s/ Benjamin Petty*
BENJAMIN PETTY